McGhee and Hartsfield *v.* State.

HENRY MCGHEE and POMP. HARTSFIELD *v.* THE STATE.

CRIMINAL LAW. *Jurisdiction of small offenses. Justices of the peace.* The act of March 24, 1879, entitled "An Act to give justices of the peace original jurisdiction of all misdemeanors, and to regulate appeals, in misdemeanors from justices of the peace," etc., is unconstitutional and void.

FROM GIBSON.

Appeal from the Circuit Court of Gibson county. H. W. MCCORRY, J., sitting by interchange for J. T. CARTHEL, J.

SP'L HILL and W. C. CALDWELL for plaintiffs in error.

ATTORNEY-GENERAL LEA for the State.

DEADERICK, C. J., delivered the opinion of the court.

McGhee was indicted for an assault and battery in the Circuit Court at Trenton, on 17th April, 1879. He entered a motion to quash the indictment upon the ground that by the act of 24th March, 1879, justices of the peace have exclusive original jurisdiction of misdemeanor cases, and the grand jury had no power or jurisdiction to file the indictment. His motion was overruled, he was tried and convicted, and from the judgment imposing a fine has appealed to this Court.

Hartsfield was arrested for an assault and battery committed on 16th April, 1879, and taken before a

justice of the peace of Gibson county, and pleaded not guilty to the charge. The justice, however, against his protest, tried the cause upon said plea, and found him guilty and imposed a fine upon him. Not paying or securing the fine, the justice was about to send him to prison, when by writ of *certiorari* the cause was taken to the circuit court, and upon defendant's motion he was discharged and the justice's judgment quashed. And the Attorney-General has appealed to this court.

These cases present for determination the question of the validity of the act of the last Legislature, passed March 24th, 1879, entitled "An Act to give justices of the peace original jurisdiction of all misdemeanors, and to regulate appeals, in misdemeanors, from justices of the peace."

The first section of that act provides as follows:

"SECTION 1. *Be it enacted by the General Assembly of the State of Tennessee,* That hereafter, all criminal offenses known as misdemeanors, *or the penalty* is a fine of not more than fifty dollars, shall be tried in the first instance by justices of the peace, and the same fines shall be ordered *and enforced* by said justices as are now ordered by the various courts of record of this State for these offenses."

The second section provides for an appeal by defendant to the circuit or criminal courts, upon execution of bond and security for his appearance.

The third section repeals sec. 4994 of the Code, and a number of the succeeding sections of what is known as the "small offense" law.

The fourth and fifth sections of the act provide that if the "defendant accepts the judgment of the court," that is, does not appeal from the justice's judgment, he shall be allowed to give good security for the fine and costs, payable in thirty days after date of trial, and if he fail to pay at the expiration of thirty days, the justice shall issue execution therefor.

The sixth and last section makes the act take effect from its passage.

The first section of the act, from its language, we think intends to give justices of the peace exclusive original jurisdiction in' all criminal offenses known as misdemeanors, or cases where by laws existing at the time of the passage of the act, the penalty is a fine of not more than fifty dollars. It declares that all the offenses described "shall be tried in the first instance by the justice of the peace," and then in the second section makes provision for appeal to the circuit or criminal courts.

The language employed, that "all" these offenses "shall be tried in the first instance by justices of the peace," excludes the construction that any of them may be tried "in the first instance" by the circuit or criminal courts. So that we entertain no doubt that the purpose of the act was to exclude the circuit and criminal courts from the exercise of original jurisdiction in misdemeanor cases, or cases in which the penalty is a fine not exceeding fifty dollars.

Section 14 of article 6 of the Constitution ordains that "no fine shall be laid on any citizen of the State that shall exceed fifty dollars, unless it shall be

assessed by a jury of his peers, who shall assess the fine at the term they find the fact, if they think the fine should be more than fifty dollars." Pursuant to the foregoing constitutional provision, the Legislature enacted that " Where an indictable offense is punished by fine or by fine and imprisonment, the jury shall assess the fine if in their opinion the offense merits a fine of over fifty dollars." Code, sec. 5237. All misdemeanors were thus punishable at the time of the passage of the act of March, 1879.

And while it is true that the judge cannot impose a fine in a misdemeanor case exceeding fifty dollars, it is equally true that the jury under the Constitution and law, in any misdemeanor case, may impose a higher fine. Thus it cannot be said that a higher fine than fifty dollars cannot lawfully be imposed upon any one guilty of the numerous offenses known as misdemeanors. And the act only purports to confer jurisdiction upon justices in cases where the penalty is not more than fifty dollars.

But the act in question is obnoxious to another objection which is fatal to it. It will be observed its purpose was to take away from the circuit and criminal courts original jurisdiction of misdemeanors and confer it upon justices of the peace exclusively, thus by implication repealing all acts then in full force and operation which conferred the jurisdiction upon said courts. Yet in the act which thus, in effect, repeals the acts giving such jurisdiction to the courts, no mention is made of the acts conferring the juris-

diction upon the courts, nor is any reference whatever made to them.

The latter part of sec. 17 of article 2 of the Constitution requires that " All acts which repeal, revive, or amend former laws, shall recite in their caption or otherwise the title or substance of the law repealed, revived or amended." It is manifest that no such recital, as required, is made in the caption or in any part of the act. And for the omission of this important requirement of the Constitution the act is repugnant to the Constitution, and therefore inoperative and void.

In respect to the third section of the act which in terms repeals sec. 4994 of the Code and the several subsequent sections constituting the " small offense " law, it is proper to say that that section has not the effect to repeal the sections of the Code cited, because it was manifestly not intended by the Legislature that those sections should be repealed, unless the other sections of the act should be operative. The purpose of the act was to extend, not to contract the jurisdiction of the justices of the peace. The sections cited were repealed, because the other parts of the bill included and preserved the jurisdiction given in the repealed sections and extended it. And it was not intended that the repeal of these sections of the Code should be repealed " except as a component part of the whole act." Cooley Con. Lim., 185–6.

It results that the judgment in each of the two cases is affirmed.